

**FILED**
12/16/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WANDA CEPEDA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-03382 (UNA) |
| ) | |
| JAMES STURGIS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The court will grant plaintiff's IFP application and dismiss the complaint pursuant to Fed. R. Civ. P. 8(a), and for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the court determines that it lacks subject matter jurisdiction).

Plaintiff, who appears to be a resident of Las Vegas, Nevada, sues an Assistant United States Attorney, located in McAllen, Texas. The complaint is extremely difficult to follow. The pleading actually consists of two separate but spliced complaints, each containing disparate claims and information, as well as a collection of various exhibits, provided without context. Plaintiff is seemingly aggrieved by a variety of events and circumstances, including, but not limited to: (1) an alleged violent and unlawful arrest at her home; (2) various criminal charges and/or immigration proceedings filed in Texas and Nevada; (3) a potential agreement struck between plaintiff and authorities predicated on her cooperation as a "reporting . . . immigration consultant" in Georgia, New York, and Pennsylvania; (4) a Las Vegas, Nevada real estate and eviction dispute, and; (5) potential exposure to COVID-19 and a somehow-related assault. She also appears to bring these

claims on behalf of both herself and another individual, Angel Ruiz Garcia, which she may not do. A *pro se* litigant can represent only himself or herself in federal court. *See* 28 U.S.C. § 1654; *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984). Plaintiff demands compensatory and punitive damages for loss of income, defamation, and the "stress of 3 years of reporting."

First, Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). This complaint falls within this category.

Second, to the extent that plaintiff seeks to revisit or intervene in other legal proceedings, or review judicial determinations rendered in state courts or other federal districts, this court lacks jurisdiction. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Younger v. Harris*, 401 U.S. 37, 46 (1971); *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172

(D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

Third, while the specific claims and allegations against the defendant AUSA are ambiguous, "unless a prosecutor proceeds in the clear absence of all jurisdiction, absolute immunity exists for those prosecutorial activities intimately associated with the judicial phase of the criminal process." *Gray v. Bell*, 712 F.2d 490, 499 (D.C. Cir. 1983) (absolute prosecutorial immunity for even quasi-judicial actions), *cert. denied*, 465 U.S. 1100 (1984).

Last, any connection between these claims and the District of Columbia is entirely unclear, aside from a passing reference to the "Metro Police," which is not named as a party to this suit. *See* 28 U.S.C. § 1391(b) (general federal venue provisions). The ability of this court to exercise personal jurisdiction over the named defendant is equally obscure. *See* Fed. R. Civ. P. 12(b)(2); *International Shoe Co. v Washington*, 326 U.S. 310, 316 (1945) (holding that due process of law requires that, in order to subject a defendant to a judgment *in personam*, the defendant must either (1) be present within territory of forum, or (2) have certain minimum contacts with it such that maintenance of the suit does not offend traditional notions of fair play and substantial justice) (citations and internal quotation marks omitted)).

The intended causes of action, if any, are completely undefined. The complaint, as pled, fails to provide any notice of a claim, or any basis of federal jurisdiction and the relief sought. For all of the aforementioned reasons, this case will be dismissed. A separate order of dismissal accompanies this memorandum opinion.

Date: December 16, 2020

*Christopher R. Cooper*
CHRISTOPHER R. COOPER
United States District Judge